[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
1. Dissolution of marriage is granted on the grounds of irretrievable breakdown.
2. The plaintiff is awarded sole custody of the seventeen (17) year old child, Lorraine Marie Ligi. The child shall have the discretion to make her own determination as to her visitation with her father.
3. The plaintiff-wife shall keep and maintain medical and dental insurance for the benefit of the minor child. This insurance is currently available at no cost to the wife. In the event the medical insurance ceases to be of no cost to the wife, the wife shall have the right to petition the Superior Court to address the issue of the plaintiff and defendant's responsibility to maintain the medical insurance on behalf of the minor child. CT Page 3476
4. The parties shall equally pay for the benefit of the minor child, all unreimbursed reasonable medical optical, surgical, hospital, psychiatric, psychological and reasonable nursing expenses, and the cost of prescriptive drugs ("medical expenses") and dental and orthodontia expenses. This obligation shall continue until the first to occur of the following events: the minor child attains age eighteen (18), dies, or becomes emancipated, or ceases to reside with the wife, whichever event first occurs.
5. The wife shall have the benefit of the provisions of Connecticut General Statutes 46b-84(c) with respect to any insurance claims which need to be submitted to the husband's medical insurance carrier on behalf of the minor child, should this be necessary in the future.
6. The husband shall have the right under "COBRA" to avail himself of the wife's medical insurance at a premium to be paid by the husband.
7. The husband shall maintain life insurance on his life in the amount of $100,000.00, provided it is available to him at reasonable cost, until his obligation to pay alimony terminates. He shall name the plaintiff-wife as primary beneficiary and the child as secondary beneficiary.
The husband shall provide proof to the wife of the existence of said life insurance policy on a yearly basis. In the event the husband shall fail to pay any of the premiums, the wife shall have the option to pay such premiums and the husband shall be indebted to the wife in the amount of the sums so paid by the wife. If the wife pays any such premiums in accordance with the provisions of this Paragraph, the husband shall reimburse her in the amount so paid on or before the first day of the first month following any such payment made by the wife. Should the husband fail to comply with the obligations contained herein the husband's obligations shall survive his death and the amount due the wife as provided herein shall survive his death and shall be a charge upon the husband's estate.
8. The husband shall pay child support in the amount of $107.55 per week for the support of the minor child. The husband's obligations with respect to the minor child shall end when the child attains the age eighteen (18), dies, or becomes emancipated, CT Page 3477 or ceases to reside with the wife, whichever event first occurs. This amount is based upon the husband's financial affidavit filed at the time of the pendente lite hearing of October 28, 1993.
9. The jointly owned real estate located at 65 Lambert Drive, Stratford, Connecticut shall be the exclusive property of the wife. The title shall vest in her pursuant to General Statutes 46b-81.
10. The contents of the marital home shall be the exclusive property of the wife, except that the husband shall be entitled to any of his business tools and equipment and business office supplies which still remain at the marital residence.
11. The wife's pension as listed on her financial affidavit shall be the exclusive property of the wife. The husband shall not have any claim thereto.
12. The wife has a pending Workers' Compensation claim. Any and all disbursements or settlement of said Workers' Compensation claim are to be the sole property of the wife with no claim of the husband thereon.
13. The wife shall be entitled to take as deductions on her 1993 and later tax returns the interest on the first mortgage, real estate taxes, interest on the second mortgage, and interest on the third mortgage.
14. The wife shall be entitled to claim the minor child as a dependency exemption on her federal and state income tax returns for the calendar year 1993 and thereafter.
15. The husband shall pay to the wife as alimony the sum of $1.00 per year until the first of the following events shall occur:
a) wife's remarriage;
b) wife's death;
c) husband's death.
Said alimony sum is based upon the husband's income as represented on his financial affidavit presented at the pendente lite hearing on October 28, 1993. The wife shall have the right to petition the Superior Court for a modification of said alimony sum should the husband's income change from the income represented on CT Page 3478 his financial affidavit presented at the October 28, 1993 pendente lite hearing.
THIM, JUDGE